Raymundo LUNA–BARRERA; Maria Urrutia, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 01–70308.

INS No. A75–481–408.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2001.*

Decided Dec. 28, 2001.

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

MEMORANDUM **

Raymundo Luna–Barrera and Maria Urrutia Luna–Barrera petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") determination that they abandoned their petitions for cancellation of removal. They also appear to make a

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

claim of ineffective assistance of counsel. We deny the petition for review and conclude that the ineffective assistance of counsel claim is not properly before this court.

The Petitioners are natives and citizens of Mexico. At a hearing before the IJ, they conceded, through their attorney, that they are present in the United States without being admitted or paroled as required by the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), and that they are subject to removal as charged by the Immigration and Naturalization Service ("INS"). However, they asked the IJ for cancellation of removal, or, alternatively, voluntary departure. The IJ gave the Petitioners two months to file applications for cancellation of removal. He warned that if they did not file by then, their applications would be deemed abandoned.

The Petitioners failed to file their applications by the specified date. Three days later, they filed a pro se motion for extra time. The IJ granted the motion, but the Petitioners failed to file their applications by the extended deadline. As a result, the IJ found that they had abandoned their applications for cancellation of removal and granted them voluntary departure instead. The Petitioners appealed to the BIA, which affirmed the IJ's decision. The Petitioners now ask this court to review the BIA's decision.

With respect to the IJ's finding that they abandoned their applications for cancellation of removal, the Petitioners claim that they did not know the IJ granted their motion for extra time. They argue that the IJ's alleged failure to inform them of the extension constitutes a violation of their due process rights, and they should now be given even more time to file their applications.

■ Contrary to the Petitioners' assertions otherwise, they raised this argument for the first time before this court. There

is no mention in the transcripts from the hearings before the IJ that the Petitioners did not know the IJ had granted the extension. Nor did the Petitioners make this argument to the BIA. Because the Petitioners raise this argument for the first time on appeal to this court, we are barred from considering it. *See Rashtabadi v. I.N.S.*, 23 F.3d 1562, 1567 (9th Cir.1994); *Vargas v. U.S. Dept. of Immigration and Naturalization*, 831 F.2d 906, 907–08 (9th Cir.1987). Moreover, since the IJ's finding of abandonment was proper under 8 C.F.R. § 3.31(c), we affirm the BIA's decision and deny the petition for review.

■ Similarly, with respect to the Petitioners' implicit ineffective assistance of counsel claim, it appears that they raise this argument for the first time before this court. There is no mention, express or implicit, of such a claim in their notice of appeal to the BIA. As noted above, the Petitioners' failure to raise an argument before the BIA bars this court from considering it on appeal. *See Rashtabadi*, 23 F.3d at 1567; *Vargas*, 831 F.2d at 907–08. Consequently, this court does not have jurisdiction to consider the ineffective assistance of counsel claim.

**PETITION DENIED.**